**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD WOODS,<br>Plaintiff,<br>v.<br>S. SALMONSON, et al.,<br>Defendants. | No. 2:25-cv-3164-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) S. Salmonson; (2) D. Allred; (3) A. Berry; and (4) T. Fulton. See ECF No. 1, pg. 1. Plaintiff states that the events alleged in the complaint occurred at the Federal Correctional Institution – Herlong. See id. According to Plaintiff, he was told on October 2, 2024, by Haggard and Finch – who are not named as defendants – that he would be transferred to a different facility to receive medical treatment. See id. at 3. Plaintiff states that, on October 10, 2024, he was told by his case manager that medical treatment had been denied and that he was told by his unit manager that he had to wait 18 months before he would be put back on track for a medical transfer. See id. The remainder of Plaintiff's allegations are unclear. Neither the case manager nor unit manager are identified by name in the complaint.

The Court finds that, as currently pleaded, Plaintiff has not stated a cognizable claim against any named defendant because Plaintiff has not alleged facts to link any of the four individuals listed as defendants to a violation of Plaintiff's rights. To state a claim under Bivens, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976) (applying rule in case arising under 42 U.S.C. § 1983). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983 [and Bivens], if he does an affirmative act, participates in another's affirmative acts, or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Consistent with the foregoing principles, Plaintiff will be provided an opportunity to file an amended complaint which links the conduct of the four named defendants to a violation of Plaintiff's rights.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated: July 28, 2026**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE